# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| REPUBLIC FRANKLIN INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | Civ. No. 2:17-04593 <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

      Plaintiff Republic Franklin Insurance Company brings this action against Defendant Travelers Casualty Insurance Company of America, seeking a declaratory judgment and alleging various contractual and equitable claims, in connection with an insurance coverage dispute. This matter comes before the Court on Plaintiff's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Plaintiff's motion is **DENIED**.

## I.    BACKGROUND

      Plaintiff is an insurance company with its principal place of business in New York. Compl. ¶ 2, ECF No. 1. Defendant is an insurance company with its principal place of business in Connecticut. *Id.* ¶ 3. Both parties issued liability insurance policies to the same New Jersey insurance brokerage company, The Borden-Perlman Insurance Agency, Inc. ("B-P"). *Id.* ¶ 1. The instant dispute arises out of a lawsuit located in the Northern District of Texas (the "Texas lawsuit"), in which B-P's direct competitor charged it with defamation, tortious interference and other claims. *See* Certification of M. Field ("Field Cert."), Ex. B ¶¶ 47–80, ECF No. 16-3.

      B-P asserted its right to a defense under both insurance policies. *See* Compl. ¶ 1. Defendant denied B-P a defense, claiming that its policy did not cover the allegations in the complaint because they fell under certain exclusions, including an exclusion known as the Financial Professional Services Exclusion (the "Exclusion"). *See* Certification of S. Weiner ("Weiner Cert."), Ex. 3 at 8–9, ECF No. 8-5. Plaintiff also initially denied B-P a defense, claiming that the allegations resulted from intentional conduct. *See Borden-Perlman Ins. Agency, Inc. v. Utica Mut. Ins. Co.*, No. L-2085-13, 2016 WL 1368589, at *1 (N.J. Super. Ct. App. Div. Apr. 7, 2016), *cert. denied* 147 A.3d 445 (N.J. 2016) (Table). Consequently, B-P filed suit against Plaintiff in New Jersey Superior Court, the conclusion

1

of which resulted in Plaintiff owing B-P a duty to defend the Texas lawsuit. *Id.* at *7. Plaintiff subsequently settled the Texas lawsuit. *See* Compl. ¶ 1; Def.'s Br. in Opp'n to Pl.'s Mot. ("Def.'s Opp'n") 4; ECF No. 16.

Plaintiff then filed the instant action, seeking a declaratory judgment from this Court finding that Defendant also owed a duty to defend B-P in the Texas lawsuit, thereby entitling Plaintiff to all or some of the expenses incurred in its defense of B-P from Defendant. *See* Compl. ¶ 1. In its complaint (the "Complaint"), Plaintiff alleges that Defendant wrongfully denied B-P coverage because the Exclusion did not apply to the defamation claim against B-P. *Id.* ¶¶ 23–35. Specifically, that claim did not allege that B-P defamed its competitor "with respect to 'any application, receipt or binder' of insurance" or any other activity related to the effectuation of insurance. *See id.*, ¶¶ 33–34. Defendant answered the Complaint, denying all of the alleged claims and raising 35 affirmative defenses, including lack of standing, collateral estoppel, *res judicata* and the entire controversy doctrine. *See* Answer 7–13, ECF No. 5.

Plaintiff now moves this Court to issue a partial judgment on the pleadings and hold that Defendant owed B-P a duty to defend. *See* Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem."), ECF No. 8-1. Plaintiff argues that Defendant cannot prove that the Exclusion applied to B-P's defamation claim because the complaint in the Texas suit did not allege that B-P made the purported defamatory statements while providing professional services. *See id.* at 11–18. Plaintiff further argues that, as a matter of law, defamatory statements made in the course of soliciting business do not constitute statements made while providing professional services. *See id.* at 13–18. Finally, Plaintiff argues that New Jersey and Texas law are identical on the point of whether Defendant owed a duty to defend and, therefore, the Court need not undertake a choice of law analysis. *See id.* at 7–10.

Defendant opposes, arguing first that its denials, averments and affirmative defenses raised in its answer (the "Answer") to the Complaint create material issues of fact to be resolved, which requires denial of the instant motion. *See* Def.'s Opp'n at 12–14. In the alternative, Defendant argues that Plaintiff's motion is actually a premature motion for summary judgment and the Court should deny it pursuant to Federal Rule of Civil Procedure 56(d). *See id.* at 15–17. Defendant further argues that issues of standing and choice of law should be resolved prior to a ruling on substantive issues. *Id.* at 17–20. Finally, Defendant argues that the motion is meritless because the cases cited to therein are inapplicable and because there are many other issues at play besides the applicability of the Exclusion. *See id.* at 23–28.

Plaintiff filed a reply, countering that a determination on Defendant's duty to defend will likely result in an early resolution of the case. *See* Pl.'s Reply Br. in Further Supp. of Its Mot. 1–2, ECF No. 17. Plaintiff also reiterates many of its previous arguments.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings will be granted only if "the movant clearly establishes there are no material issues

of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (citing *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). The court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* In deciding a motion for judgment on the pleadings, the court "considers only the [pleadings], any attached exhibits, documents relied upon in the complaint, matters of public record, and any indisputably authentic documents." *See Hlista v. Safeguard Props., LLC*, 649 F. App'x 217, 218 n.2 (3d Cir. 2016) (quotation and citations omitted); *United States v. Blumenthal*, 315 F.2d 351, 352–53 (3d Cir. 1963).

### III. DISCUSSION

The Court agrees with Defendant that the instant motion is premature. "In considering a [Rule 12(c)] motion by the plaintiff for judgment on the pleadings the question for determination is whether on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *See Blumenthal*, 315 F.2d at 352. "[A] plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) (citing 5 Wright & Miller, Federal Practice & Procedure § 1368 (1969)).

The Answer raises several questions of law and fact that preclude even a partial judgment on the pleadings here. First, Defendant raises numerous affirmative defenses that, if applicable, would preclude recovery by Plaintiff. For example, Defendant raises the entire controversy doctrine. In New Jersey, the doctrine "dictates that 'a party cannot withhold part of a controversy for separate later litigation even when the withheld component is a separate and independently cognizable cause of action.'" *Mocco v. Frumento*, 710 F. App'x 535, 539 (3d Cir. 2017) (quoting *Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 137 (3d Cir. 1999)). The doctrine "'applies in federal courts when there was a previous state-court action involving the same transaction.'" *Id.* (quoting *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015)). Here, Plaintiff unquestionably engaged in "a previous state-court action involving the same transaction" when B-P sued it for coverage in New Jersey Superior Court. Plaintiff could have impleaded Defendant then as a third-party defendant but chose not to. The Court makes no present determination as to whether the entire controversy doctrine applies here, but it is clear that it might. If it did, the Court could decide to dismiss the entire case, which would moot any question as to whether Defendant had a duty to defend. *See id.* at 541–45 (reasoning that the entire controversy doctrine warranted dismissal).

Second, the Answer also raises questions as to whether B-P made the alleged defamatory statements in the course of providing professional services. Defendant cites to Plaintiff's own exhibit, which states: "The statements above were made by Defendants in the course of their business at BP, while Defendants were performing insurance services,

and they were made to clients in whom BP and Orchestrate had joint business interests." Compl., Ex. 5 ¶ 63. Plaintiff attempts to color this statement as conclusory and inapplicable to the question of Defendant's duty to defend, but the Court finds just the opposite at this stage of litigation. Plaintiff's own exhibit raises a question of fact as to the circumstances under which the alleged defamatory statements were made, which further raises questions as to Defendant's decision-making process in denying coverage to B-P. These questions, and more, are precisely the types of appropriate topics for exploration during discovery, the answers to which could preclude Plaintiff's recovery. Furthermore, the cases cited to by Plaintiff are two out-of-district cases from the District of Maryland and the Court of Appeals of Texas. While this Court respects each decision, they hardly amount to "black-letter law" as Plaintiff suggests.

Finally, the Court does not agree with Plaintiff that New Jersey and Texas law are identical on all relevant points at issue in this case. One need look no further than Plaintiff's own state-court case against B-P for confirmation that the substantive law differs. The Appellate Division found, "Although no conflict exists between the law in Texas and New Jersey as to an insurer's duty to defend, the substantive law in these two states is different, *thereby effecting the scope of that duty*." *Borden-Perlman*, 2016 WL 1368589, at *5 (emphasis added). The Court will not engage in a choice-of-law analysis without the benefit of the parties' briefing on the matter, which the Court finds to be incomplete at present. Questions remain as to which state's law is controlling, thereby providing another reason why the Court cannot issue a judgment on the pleadings at present. Accordingly, Plaintiff's motion is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion for a partial judgment on the pleadings is **DENIED**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: March 22, 2018**